NO. 01-15-00625-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/11/2015 4:24:44 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

GULF COAST INTERNATIONAL, L.L.C.,

*Appellant*

v.

THE RESEARCH CORPORATION OF THE UNIVERSITY OF HAWAII,

*Appellee*

On appeal from the 333rd Judicial District Court, Harris County, Texas
The Honorable Joseph J. "Tad" Halbach, Jr. presiding
Cause No. 2014-05868

## SUR-REPLY OF APPELLEE

Blank Rome LLP

Michael K. Bell
State Bar No. 02081200
717 Texas Ave., Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
mbell@blankrome.com

Blank Rome LLP

David Meyer
State Bar No. 24052106
717 Texas Ave., Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
dmeyer@blankrome.com

Attorneys for Appellee

December 11, 2015

144163.06501/101794599v.1

# **TABLE OF CONTENTS**

**Page**

SUR-REPLY ..............................................................................................................1

PRAYER ...................................................................................................................3

144163.06501/101794599v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bullion v. Gillespie,*
895 F.2d 213 (5th Cir. 1990) ...............................................................................1, 2

*Clark v. Noyes,*
871 S.W.2d 508 (Tex. App.—Dallas 1994, no writ)............................................2

*Henkel v. Emjo Investments, Ltd.,*
No. 01-14-00703-CV, 2015 Tex. App. LEXIS 9058 (Tex. App.—
Houston [1st Dist.] Aug. 27, 2015, no pet. hist.)..................................................1

*Jack B. Anglin Co. v. Tipps,*
842 S.W.2d 266 (Tex. 1992) .............................................................................1, 2, 3

*N.P. v. Methodist Hosp.,*
190 S.W.3d 217 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied)........................................................................................................................2

*P.V.F., Inc. v. Pro Metals, Inc.,*
60 S.W.3d 320 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied)........................................................................................................................1

*Schlobohm v. Schapiro,*
784 S.W.2d 355 (Tex. 1990) ................................................................................3

*Touradji v. Beach Capital P'ship, L.P.,*
316 S.W.3d 15 (Tex. App.—Houston [1st Dist.] 2010, no pet.).........................2

*WesternGeco L.L.C. v. Ion Geophysical Corp.,*
776 F. Supp. 2d 342 (S.D. Tex. 2011).............................................................1, 2

144163.06501/101794599v.1

## SUR-REPLY

While RCUH does not agree with any of the arguments raised in GCI's reply brief, which includes citations to a total of twelve opinions that were not included in either GCI's appellant's brief or RCUH's appellee's brief,[1] RCUH briefly addresses the following assertions included in GCI's reply:

> Accordingly, the Court must accept as true GCI's uncontroverted allegations and evidence that the KOK is a commercial vessel. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 270 (Tex. 1992) (reviewing a summary judgment, the court noted it "must accept as true the clear, direct, and positive evidence of an undisputed affidavit, even of a party's agent"); *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990) (noting that on a special appearance, the court accepts as true all uncontroverted allegations in the plaintiff's complaint and resolves in the plaintiff's favor all conflicts between the parties' affidavits); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 353 (S.D. Tex. 2011) ("Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a prima facie case [for personal jurisdiction] exists.") (Appellant's Reply at p. 6.)

> Accordingly, the Court must accept as true Van Vleit's direct, unequivocal testimony confirming that 90% of RCUH's contacts with GCI were with Van Vleit in Houston. (Appellant's Reply at pp. 7-8.)

> RCUH's objection to Van Vleit's testimony as "self-serving" is baseless. RCUH failed to challenge Van Vleit's competency, personal knowledge, or foundation. Moreover, without evidence contradicting the allegedly self-serving statements, the court may accept as true Van Vleit's testimony. *See Henkel v. Emjo Investments, Ltd.*, No. 01-14-00703-CV, 2015 Tex. App. LEXIS 9058, *11 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no pet.

---

[1] These include *P.V.F., Inc. v. Pro Metals, Inc.*, 60 S.W.3d 320 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). RCUH acknowledges that *P.V.F.* was cited by GCI in one of its trial court motions filed after the June 5, 2015, hearing on RCUH's special appearance. *See* CR 510. However, in its response to that particular motion, RCUH explained in detail why *P.V.F.* does not support GCI's position. *See* CR 588-590.

1

hist.) ("In conducting our review, we accept as true both the allegations in the pleadings and the evidence on file."); *see also Touradji v. Beach Capital P'ship, L.P.*, 316 S.W.3d 15, 23 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (court is to accept as true the allegations in the petition); *Jack B. Anglin Co*, 842 S.W.2d at 270; *Bullion*, 895 F.2d at 216-17; *WesternGeco*, 776 F. Supp. 2d at 353. (Appellant's Reply at p. 9, footnote 11.)

In its appellant's brief, GCI limited its discussion of the applicable standard of review to one sentence that did not include any of the arguments quoted above. *See* Appellant's Brief at p. 13. (RCUH respectfully submits that the full standard of review is set forth in RCUH's appellee's brief. *See* Appellee's Brief at pp. 14-15.) Therefore, the arguments quoted above were waived and should be disregarded by the Court. *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 225 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived.").

Additionally, in citing to *Bullion v. Gillespie*, 895 F.2d 213 (5th Cir. 1990) and *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342 (S.D. Tex. 2011), GCI appears to be asking the Court to apply the evidentiary burden-shifting framework applicable in federal court to personal jurisdiction challenges. However, this is not applicable to personal jurisdiction challenges in Texas state courts. *Clark v. Noyes*, 871 S.W.2d 508, 511 (Tex. App.—Dallas 1994, no writ) ("However, *Bullion* addressed the procedure for determining personal jurisdiction in federal court…. Although we use the federal due process standard in analyzing minimum

contacts, *see, e.g., Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), we do not use federal procedural rules in determining how such proof must be made.").

Finally, regarding GCI's reliance on *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 270 (Tex. 1992), RCUH notes that the opinion concerns evidentiary standards for summary judgments, not special appearances, and is therefore inapplicable to GCI's appeal. Even if it were, as set forth in its appellee's brief, RCUH has pointed to the evidence that was before the trial court contradicting/disputing Van Vleit's affidavit testimony. *See, e.g.,* Appellee's Brief at pp. 9-12.

## PRAYER

Appellee The Research Corporation of the University of Hawaiʻi respectfully requests that the trial court's order granting its special appearance be affirmed, and for such other and further relief to which it may show itself to be justly entitled.

144163.06501/101794599v.1

Respectfully submitted,


/s/ David G. Meyer

Michael K. Bell
State Bar No. 02081200
David Meyer
State Bar No. 24052106
BLANK ROME LLP
717 Texas Ave., Suite 1400
Houston, Texas  77002
Telephone:  (713) 228-6601
Facsimile:   (713) 228-6605
Email: mbell@blankrome.com;
dmeyer@blankrome.com
**Attorneys for Appellee, The
Research Corporation of the
University of Hawai'i**

144163.06501/101794599v.1

## **CERTIFICATE OF SERVICE**

Pursuant to Rules 6.3 and 9.5(b), (d), and (e) of the Texas Rules of Appellate Procedure, I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on this the 11th day of December, 2015, as follows:

***Via electronic service:***
Jeffrey B. Kaiser
Kaiser, P.C.
Enterprise Bank Tower
2211 Norfolk, Suite 528
Houston, Texas  77098

and

Kelley M. Keller
Ellison & Keller, P.C.
5120 Woodway Drive, Suite 6019
Houston, Texas  77056

*/s/ David G. Meyer*
David G. Meyer

144163.06501/101794599v.1

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2) because this brief contains 779 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

2.      This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) and the type style requirements of Texas Rule of Appellate Procedure 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font or larger.

144163.06501/101794599v.1